Filed 8/26/15  P. v. Ortega CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. SERGIO BASURTO ORTEGA, Defendant and Appellant. | B261954 (Los Angeles County Super. Ct. No. KA106212) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Wade Olson, Judge.  Affirmed.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Defendant Sergio Basurto Ortega appeals from the order denying his application to reduce his felony conviction to a misdemeanor pursuant to Penal Code section 1170.18, subdivision (a).[1]  Based on our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*), we affirm the order.

## FACTUAL AND PROCEDURAL HISTORY

On September 17, 2014, defendant was convicted of bringing a controlled substance into prison in violation of section 4573, subdivision (a), which is a felony punishable by two, three or four years in prison.

On November 4, 2014, the voters approved Proposition 47, which made certain drug and theft offenses, not including section 4573, subdivision (a), misdemeanors instead of felonies.  (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).)  The procedure for defendants sentenced for one of the enumerated felonies to apply to the trial court to have that felony sentence reduced to a misdemeanor is set forth in section 1170.18, subdivision (a).

On December 26, 2014, defendant filed a motion to reduce his conviction for violating section 4573, subdivision (a) to a misdemeanor pursuant to section 1170.18, subdivision (a).  Following a hearing on January 12, 2015, the trial court denied the motion finding section 1170.18, subdivision (a) is not applicable to section 4573.  Defendant timely appealed.

We appointed separate counsel to represent defendant on appeal.  After examination of the record, appointed counsel filed an opening brief which contained an acknowledgment that he/she had been unable to find any arguable issues and requesting that we independently review the record pursuant to *Wende, supra*, 25 Cal.3d 436.  We advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider.  He filed no supplemental brief.

---

[1]     All future undesignated statutory references are to the Penal Code.

We have examined the entire record and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable issues exist.  (*Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The order is affirmed.


                                                    RUBIN, ACTING P. J.
WE CONCUR:


        FLIER, J.


        GRIMES, J .


3